UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY GOOCH,

    Plaintiff,

v.

                                      Case No. 23-10887

DOLLAR TREE STORES, INC.,        Hon. George Caram Steeh

    Defendant.
_____/

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 9)

Defendant Dollar Tree Stores, Inc., seeks summary judgment on Plaintiff's claims against it. For the reasons explained below, Defendant's motion is granted in part and denied in part.

Plaintiff Betty Gooch fell and was injured while shopping at a Dollar Tree Store, an incident that was captured on the store's security video. *See* ECF No. 9 at Exhibit D. While in the checkout line, Plaintiff placed her items on the counter and then stacked the handbasket she was using at the end of the checkout aisle. There was one handbasket on the floor already, and Plaintiff placed her handbasket on top of it. After Plaintiff completed her transaction, she turned to leave the store and tripped over the

- 1 -

handbaskets. She alleges that she suffered serious injuries, including to her shoulder.

## LAW AND ANALYSIS

Plaintiff filed a complaint against Dollar Tree Stores, alleging claims of premises liability, negligence, and nuisance. Defendant seeks summary judgment pursuant to Rule 56. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Dist. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In response to a properly supported motion for summary judgment, the opposing party must come forward with specific evidence showing there is a genuine issue of fact for trial. *Anderson*, 477 U.S. at 252.

I.  Ordinary Negligence

Although Plaintiff alleges both premises liability and ordinary negligence, "[w]hen it is alleged that the plaintiff's injuries arose from a dangerous condition on the land, the claim is one of premises liability rather than one of ordinary negligence." *Jeffrey-Moise v. Williamsburg Towne Houses Coop., Inc.*, 336 Mich. App. 616, 625 (2021). Plaintiff's complaint sounds in premises liability, because it concerns a "dangerous condition on the land" (the handbaskets on the floor) that caused her injury. *Id.* (holding claim that plaintiff slipped on black ice sounds in premises liability, not negligence). Although Plaintiff contends that a Dollar Store employee left the first basket on the floor, creating the dangerous condition, this allegation "does not transform a premises-liability action into one of ordinary negligence." *Id.* at 625. "Because plaintiff's claim is based on defendant's duty as the possessor of the land on which she fell and not on defendant's ability to conform to a particular standard of care, we treat plaintiff's claim as one of premises liability." *Id.*; *see also Pugno v. Blue Harvest Farms LLC*, 326 Mich. App. 1 (2018) (plaintiff who was injured by falling item in store stated claim in premises liability, not ordinary negligence); *Saad v. Menards, Inc.*, No. 22-11833, 2024 WL 1349306, at *7 (E.D. Mich. Mar. 29, 2024) (same); *Radney-Maxwell v. Menard, Inc.*, No.

21-11851, 2023 WL 318444, at *3 (E.D. Mich. Jan. 19, 2023) (plaintiff slipped on paper on floor). Accordingly, Plaintiff's ordinary negligence claim is subject to dismissal.

   II.   Premises Liability

Defendant also seeks dismissal of Plaintiff's premises liability claim. "All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F & E Oil, Inc.*, 512 Mich. 95, 110 (2023). Under Michigan law, Plaintiff is classified as an "invitee," because she entered Defendant's property for business purposes. *See id.* at 111. A landowner has an "affirmative duty" to protect invitees, who are "entitled to the highest level of protection under premises liability law." *Id.* at 111-12 (citations omitted). Land possessors owe a duty "to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id.* (citation omitted). Although a defendant's duty is a question of law for the court, the breach of that duty is generally a question for the trier of fact. *Id.* at 112.

Defendant argues that it owed no duty to Plaintiff because she was aware of the hazard posed by the baskets, having placed hers on top of an existing one. Although not identified as such, Defendant is essentially

arguing that the danger was "open and obvious," absolving it of its duty to protect Plaintiff from an unreasonable risk of harm. Traditionally, Michigan "courts looked to the open and obvious nature of a particular danger to assess whether the plaintiff, in failing to appreciate its dangerousness, was contributorily negligent in confronting it and therefore completely barred from recovery." *Kandil-Elsayed*, 512 Mich. at 114. The Michigan Supreme Court recently clarified that whether a danger is open and obvious is relevant to the issue of breach, not the landowner's duty. The court explained that "[t]he open and obvious nature of a condition remains a relevant inquiry in a premises-liability case. However, to the extent prior cases have held that it should be analyzed as a part of a land possessor's duty, those cases are overruled. Rather, the open and obvious nature of a danger—i.e., whether it is 'reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection,'—is relevant to the defendant's breach and the plaintiff's comparative fault." *Id.*

> As part of the breach inquiry, the fact-finder may consider, among other things, whether the condition was open and obvious and whether, despite its open and obvious nature, the land possessor should have anticipated harm to the invitee. If breach is shown, as well as causation and harm, then the jury should consider the plaintiff's comparative fault and reduce the plaintiff's damages accordingly. A determination of the plaintiff's comparative fault may also

> require consideration of the open and obvious nature of the hazard and the plaintiff's choice to confront it.

*Id.* at 148-49.

Therefore, whether Plaintiff was aware of the danger and failed to avoid it is relevant to the issue of breach, not duty. A defendant store owner owes "a duty to protect the plaintiff from the unreasonable risk of harm caused by a dangerous obstruction in the checkout lane." *Id.* at 152. A "plaintiff's potentially negligent response to an open and obvious danger" allows a jury "to reduce their damages" rather than permit the court to "cut off all recovery." *Kandil-Elsayed*, 512 Mich. at 144. Defendant argues that it should not be liable because Plaintiff was aware of the danger and contributed to it by adding her basket to the end of the aisle. However, the degree of fault attributable to each party are issues of fact for the jury to consider, not questions that the court may rule upon as a matter of law. *Id.* at 112.

Defendant also contends that it did not breach its duty because it did not have notice of the dangerous condition. "The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix, guard against, or warn the invitee of the defect." *Jeffrey-Moise*, 336 Mich. App. at 627. To establish that a premises owner breached its

- 6 -

duty, a plaintiff "must demonstrate that [it] had actual or constructive notice of the dangerous condition at issue." *Id*.

Although Defendant argues that it lacked notice of the dangerous condition, one of its cashiers testified that a basket had been sitting on the floor at the end of the aisle for approximately a half hour before Plaintiff placed her basket on top of it. ECF No. 13 at PageID 211. This testimony, and the length of time that the condition existed, raises a question of fact regarding Defendant's actual or constructive notice. Defendant is not entitled to summary judgment on this basis.

Relatedly, Defendant argues that Plaintiff should be barred from recovering noneconomic damages under M.C.L. § 600.2959 because she was more than fifty percent at fault. The Michigan Legislature has codified a comparative-fault scheme for tort actions; under M.C.L. § 600.2957(1), "the liability of each person shall be allocated . . . by the trier of fact and . . . in direct proportion to the person's percentage of fault." And "a plaintiff's contributory fault does not bar the plaintiff's recovery of damages." M.C.L. § 600.2958. Rather, "the court shall reduce the damages by the percentage of comparative fault of [the plaintiff]." M.C.L. § 600.2959. As the Michigan Supreme Court has stated, "[t]hese statutory sections not only made clear that comparative fault was the rule in Michigan, but they also emphasized

that a determination of comparative fault was for the jury, not the judge." *Kandil-Elsayed,* 512 Mich. at 124. Accordingly, whether Plaintiff was more than fifty percent at fault is a matter for the trier of fact. Defendant's motion for summary judgment is denied with respect to Plaintiff's premises liability claim.

   III.   Nuisance

Plaintiff's complaint also alleges a nuisance claim, asserting that the basket obstructing the checkout lane constituted a "nuisance in fact." Michigan courts recognize two categories of nuisance: private nuisance and public nuisance. *Adkins v. Thomas Solvent Co.,* 440 Mich. 293, 302 (1992). "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land," *id.* at 302, whereas "[a] public nuisance is an unreasonable interference with a common right enjoyed by the general public." *Cloverleaf Car Co v. Phillips Petroleum Co,* 213 Mich. App 186, 190 (1994). A nuisance in fact, as Plaintiff claims here, is a subcategory of public nuisance. *See Johnson v. Tilton*, 2002 WL 31310160, at *3 (Mich. App. Oct. 15, 2002). A public nuisance "includes conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that

produces a permanent or long-lasting, significant effect on these rights." *Cloverleaf*, 213 Mich. App. at 190. "[T]he activity must be harmful to the public health, or create an interference in the use of a way of travel, or affect public morals, or prevent the public from the peaceful use of their land and the public streets." *Garfield Twp. v. Young*, 348 Mich. 337, 342 (1957) (citations omitted).

Although it may be unsafe, a handbasket left in an aisleway does not qualify as a public nuisance. A nuisance that affects public health is typified by the release of hazardous substances. *See Organic Chem. Site PRP Grp. v. Total Petroleum Inc.*, 58 F.Supp. 2d 755, 765 (W.D. Mich. 1999); *Norton Shores v. Carr*, 81 Mich. App. 715 (1978) (business that caused black dirt dust to blow off of property constituted public nuisance); *Davis v. Wal-Mart Stores East, LP*, No. 18-13901, 2019 WL 6912703, at *2 (E.D. Mich. Dec. 19, 2019) ("The types of individual claims that have been recognized in the public health category typically involve disposal or release of hazardous substances or chemicals that present a threat to public health.") (citing cases). A tripping hazard in a store is not analogous to the type of occurrences that have been deemed public nuisances. *See Fagan v. Speedway, LLC*, No. 15-10211, 2016 WL 2957929, at *5 (E.D. Mich. May 23, 2016) (crack in pavement or pothole on private property

- 9 -

does not amount to public nuisance); *Davis*, 2019 WL 6912703 at *3 (hanger on floor not public nuisance); *Hawthorne v. Wal-Mart Stores East, LP*, No. 18-12628, 2021 WL 2986205, at *3 (E.D. Mich. July 15, 2021) ("A spill on a Wal-Mart floor present for a relatively short period of time simply does not rise to the level of a public nuisance."); *Holland v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5311590, at *10 (Mich. App. Sept. 10, 2015) (icy patch on driveway does not give rise to public nuisance claim). Accordingly, the court will dismiss Plaintiff's nuisance claim.

### ORDER

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

Dated: July 25, 2024

> s/George Caram Steeh
> HON. GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 25, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk

---